HAINES (RUGG v.). See Case No. 12.114.

HAINES (UNITED STATES v.). See Case No. 15.275.

## Case No. 5,906.

#### HAINEY v. The TRISTRAM SHANDY, ETC.

[Bee, 414.] [1]

Admiralty Court, Pennsylvania. 1781.

PRIVATEER—BREAKING UP OF CRUIZE—PRIZE MONEY.

If a single mariner withholds his consent, and the cruize is broken up by the rest of the concerned, and a new cruize commenced, this must be done subject to the legal claim of the unconsenting mariner, of wages or prize money that may accrue during the term of the first cruize for which he contracted.

Having entered as a landsman on board the privateer Rising Sun, and signed articles for a cruize of four months: the privateer was successful; and the libellant [Nicholas Hainey] was sent in with one of her prizes, and soon afterwards fell sick. During the cruize the Rising Sun came into port to refit. Being at Philadelphia, a great part of the crew left her; whereupon the captain (or owners) published an advertisement, calling upon the officers, seamen. and mariners, belonging to the Rising Sun, to repair on board by a certain day, in order to complete the cruize. One third of the crew, however, neglecting to appear, the owners and officers agreed to break up the cruize, opened a new rendezvous, and enlisted a crew under a new set of articles. The ship sailed on this second cruize, the four months of the first having not yet expired. Soon after her last sailing she captured the Tristram Shandy, and the Dimsdale, both which were condemned as prize. It appeared in testimony, that the Tristram Shandy was taken before the expiration of the first cruize, and the Dimsdale some days after. The libellant did not appear on the day advertised, neither did he sign the second set of articles, being sick at the time. As this cause touches a general doctrine, viz. how far owners are justifiable in breaking up a cruize. without the consent of all concerned, it wears a face of considerable importance. I have attended to it in this view, and am of opinion, that shipping articles form a contract between the owners on the one part, and the officers and crew on the other, and are for the period specified, in full force with respect to the contracting parties. And this contract is not made with the officers and crew as an aggregate body, but with each mariner individually. Upon this ground. I think the contract cannot be totally dissolved (as hath been contended) by the will of any majority on either side, however great. If a single mariner withholds his consent, and the cruize is broke up by the rest of the concerned. and a new cruize commenced, as in the present case, this must be done, subject to the legal claim of the unconsenting mariner, of wages or prize money that may accrue during the term of the first cruize for which he con-

[1] [Reported by Hon. Thomas Bee, District Judge.]

tracted. If it were otherwise, if owners could for their own convenience, or from an apparent or real necessity, break up a cruize, those of the crew who may be languishing in captivity, or may be confined on shore by wounds or sickness incurred in the service of the ship, or otherwise, might be excluded from the advantages of a period of time for which they had engaged to run all hazards, and of which they may as yet have only experienced the misfortunes.

JUDGMENT—That the libellant have a landsman's share of the prize brig Tristram Shandy, and that the bill be dismissed with respect to a share of the Dimsdale.